1

2

3

4

5

6

7

8                  **IN THE UNITED STATES DISTRICT COURT**

9                  **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   RICHARD D. CASITY,                          No.  2:22-CV-2133-DMC-P

12                  Plaintiff,

13         v.                                     <u>ORDER</u>

14   MARTIN, et al.,

15                  Defendants.

16

17         Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to

18   42 U.S.C. § 1983.  Pending before the Court is Plaintiff's complaint, ECF No. 1.

19         The Court is required to screen complaints brought by prisoners seeking relief

20   against a governmental entity or officer or employee of a governmental entity.  <u>See</u> 28 U.S.C.

21   § 1915A(a).  This provision also applies if the plaintiff was incarcerated at the time the action was

22   initiated even if the litigant was subsequently released from custody.  <u>See</u> <u>Olivas v. Nevada ex rel.</u>

23   <u>Dep't of Corr.</u>, 856 F.3d 1281, 1282 (9th Cir. 2017).  The Court must dismiss a complaint or

24   portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can

25   be granted; or (3) seeks monetary relief from a defendant who is immune from such relief.  <u>See</u>

26   28 U.S.C. § 1915A(b)(1), (2).  Moreover, the Federal Rules of Civil Procedure require that

27   complaints contain a "... short and plain statement of the claim showing that the pleader is

28   entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This means that claims must be stated simply,

1

1  concisely, and directly.  See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to

2  Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the complaint gives the defendant fair notice

3  of the plaintiff's claim and the grounds upon which it rests.  See Kimes v. Stone, 84 F.3d 1121,

4  1129 (9th Cir. 1996).  Because Plaintiff must allege with at least some degree of particularity

5  overt acts by specific defendants which support the claims, vague and conclusory allegations fail

6  to satisfy this standard.  Additionally, it is impossible for the Court to conduct the screening

7  required by law when the allegations are vague and conclusory.

8          Plaintiff names the following as defendants: (1) Martin, a Captain at the Amador

9  County Jail; and (2) A. Stone, a Lieutenant at the Amador County Jail.  See ECF No. 1, pg. 2.

10  Plaintiff asserts two claims.

11          In his first claim, Plaintiff alleges that he is disabled, uses a walker, and has had

12  recent surgeries on his left knee, left arm, and left shoulder.  See id. at 3.  He also states that he

13  takes medication for "bad liver and kidneys."  Id.  According to Plaintiff, his repeated requests for

14  extra mattresses has been denied.  See id.  He also claims that he cannot get his walker through

15  doors.  See id.  Plaintiff contends the jail does not provide reasonable accommodations for the

16  disabled.  See id.

17          In his second claim, Plaintiff claims that he has not been provided a Kosher diet

18  despite repeated requests.  See id. at 4.  Plaintiff says there are no religious programs at the jail.

19  See id.

20          To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual

21  connection or link between the actions of the named defendants and the alleged deprivations.  See

22  Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A

23  person 'subjects' another to the deprivation of a constitutional right, within the meaning of

24  § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform

25  an act which he is legally required to do that causes the deprivation of which complaint is made."

26  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory allegations

27  concerning the involvement of official personnel in civil rights violations are not sufficient.  See

28  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  Rather, the plaintiff must set forth

1   specific facts as to each individual defendant's causal role in the alleged constitutional

2   deprivation.  See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

3          The Court finds that Plaintiff's complaint suffers from one fatal flaw at this stage.

4   Specifically, Plaintiff has not explained how either individual named defendant – Martin or

5   Stone – participated in the alleged denial of constitutional rights.

6          Because it is possible that the deficiencies identified in this order may be cured by

7   amending the complaint, Plaintiff is entitled to leave to amend prior to dismissal of the entire

8   action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff is

9   informed that, as a general rule, an amended complaint supersedes the original complaint.  See

10  Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Thus, following dismissal with leave to

11  amend, all claims alleged in the original complaint which are not alleged in the amended

12  complaint are waived.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).  Therefore, if

13  Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make

14  Plaintiff's amended complaint complete.  See Local Rule 220.  An amended complaint must be

15  complete in itself without reference to any prior pleading.  See id.

16         If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the

17  conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights.  See

18  Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how

19  each named defendant is involved, and must set forth some affirmative link or connection

20  between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d

21  164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

22         Finally, Plaintiff is warned that failure to file an amended complaint within the

23  time provided in this order may be grounds for dismissal of this action.  See Ferdik, 963 F.2d at

24  1260-61; see also Local Rule 110.  Plaintiff is also warned that a complaint which fails to comply

25  with Rule 8 may, in the Court's discretion, be dismissed with prejudice pursuant to Rule 41(b).

26  See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

27  / / /

28  / / /

3

Accordingly, IT IS HEREBY ORDERED that:

1.    Plaintiff's complaint is dismissed with leave to amend; and

2.    Plaintiff shall file a first amended complaint within 30 days of the date of service of this order.

Dated:  January 24, 2023

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE